**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION**

| | |
|---|---|
| Marcus Albinus Joseph,<br><br>    Petitioner,<br> v.<br><br>Warden Wallace,<br><br>    Respondent. | Case No. 8:22-cv-3282-RMG<br><br>**ORDER AND OPINION** |

  Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 11) recommending that Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) be dismissed. Petitioner filed objections to the R & R. (Dkt. No. 16). For the reasons set forth below, the Court adopts the R & R as the Order of the Court and the petition is dismissed without prejudice.

**I. Background**

  Petitioner, proceeding *pro se*, brought this action pursuant to 28 U.S.C. § 2241, challenging his 1988 state court conviction and sentence. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02, this matter was automatically referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge then issued the present R & R summarily dismissing Petitioner's petition. (Dkt. No. 11). Petitioner objected to the R & R. (Dkt. No. 16). The matter is now ripe for the Court's review.

**II. Standard**

  The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is

1

charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

### III.  Discussion

In the R & R, the Magistrate Judge construed Petitioner's § 2241 petition as a § 2254 petition because (1) Petitioner is in custody pursuant to a state court judgment, (2) the majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, and (3) the Fourth Circuit has not issued an opinion on whether § 2254 or § 2241 is the proper statute under which a state inmate should proceed when challenging the execution of his state sentence. Absent any binding authority to the contrary, the Court agrees with the Magistrate Judge's construction and notes that other courts in this District have construed petitions as § 2254 petitions because the petitioner was in custody pursuant to a state court judgment, *see Saab v. South Carolina*, No. 9:06-cv-1943-RBH, 2008 WL 701387, at *2 (D.S.C. Mar. 13, 2008).

Construing Petitioner's petition as a § 2254 petition, the Magistrate Judge correctly determined that Petitioner's petition is an unauthorized successive petition. The instant petition is successive because Petitioner seeks a writ of habeas corpus based on the same convictions that

were addressed in *Joseph v. Evatt*, 3:93-cv-2602-JFA (D.S.C. August 31, 1993). This court has also dismissed as successive three other petitions filed by Petitioner. *Joseph v. South Carolina*, 2:99-cv-3224-JFA, Doc. 11 (D.S.C. Mar. 6, 2000); *Joseph v. South Carolina*, 2:02-cv-3908-JFA, Doc. 12, (D.S.C. Mar. 11, 2003); *Joseph v. South Carolina*, 8:14-cv-4100-RMG, Doc. 18 (D.S.C. Dec. 29, 2014). An individual may not file a second or successive petition for writ of habeas corpus under § 2254 without first receiving permission to do so from the appropriate circuit court of appeals. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). There is no showing Petitioner obtained authorization from the Fourth Circuit Court of Appeals to file this successive habeas petition. As such, the Court is without jurisdiction to hear the petition.

## IV.     Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## V. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 11) is **ADOPTED** and Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**. The Certificate of Appealability is **DENIED**.

                                         s/ Richard Mark Gergel
                                         Richard Mark Gergel
                                         United States District Judge

November 2, 2022
Charleston, South Carolina